**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: July 16, 2014

Docket No. 31,097

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

LUCAS TRAMMELL,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela-Shepherd, District Judge**

Gary K. King, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**KENNEDY, Chief Judge.**

**{1}** The memorandum opinion previously filed in this matter on March 17, 2014, is hereby withdrawn, and this Opinion is substituted therefor.

**{2}** We determine that our opinion in *State v. Edwards* applies retroactively to Defendant's case, and he thus suffered ineffective assistance of counsel. 2007-NMCA-043, 141 N.M. 491, 157 P.3d 56. Lucas Trammell (Defendant) stole a pick-up truck, discovering

after he drove off that a child was in it. Among other offenses, he pled guilty to committing false imprisonment of a minor, which, at the time, was considered a sex offense requiring registration under the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, § 29-11A-3 (2000). Defendant was not informed that he was required to register as a sex offender until he was released from custody. Defendant moved to withdraw his plea, claiming that his attorney's failure to inform him of this consequence constituted ineffective assistance of counsel. We conclude that *Edwards* did not state a new rule of procedure and thus applies retroactively to Defendant's plea. Because his attorney's performance was deficient and he suffered prejudice, we hold that his counsel's assistance was ineffective and reverse the district court's denial of his motion to withdraw his plea. Although he has served his sentence in full, we permit him to withdraw his plea for false imprisonment and remand for further proceedings in the case as may be required.

## I.  BACKGROUND

**{3}**  Pursuant to a plea agreement, Defendant was convicted of five felony counts related to his theft of a pick-up truck. Because a minor child was in the truck during the theft, two of those pleas were to negligent child abuse and false imprisonment of a minor child, which, at the time of his crimes, required him to register under SORNA, NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013). This requirement apparently escaped the notice of the State, the district court, and defense counsel, as it was not mentioned in the plea agreement, and the appropriate box was not checked in the judgment and sentence. In his standard plea agreement, Defendant admitted one prior felony that enhanced one of his sentences and waived time limits by providing for habitual offender enhancement of the remaining four sentences should he violate probation or parole "before completing the sentence in this case[.]" Defendant's sentences were imposed consecutively. He was released from prison to serve two years probation and parole as ordered by the district court and acknowledged by Defendant on the probation order. Six months prior to his release from prison, Defendant was informed that, upon his release, he would be subject to registration as a sex offender under SORNA. He did not object to this and, upon his release, duly registered as a sex offender. The probation and parole division assigned him to their sex offender unit. The distinguishing requirement of sex offender supervision, for purposes of this case, was a behavioral contract Defendant executed, in which he agreed not to have unsupervised contact with minors, or to date or marry a person with custody of minors without obtaining prior permission of his probation officer.

**{4}**  About a year-and-a-half after his release, Defendant was arrested when he battered a fourteen-year-old boy during a domestic disturbance with the boy's mother, who was Defendant's girlfriend. Defendant was also accused of violating the terms of his behavioral contract by not receiving prior permission to date or marry anyone who has custody of a minor child. Both probation and parole violations were filed against him as a result. Defendant moved to dismiss the second allegation, alleging that the requirement was not part of the sentence ordered by the district court and a violation of his due process rights. With roughly six months remaining on his sentence, the State initiated habitual offender

2

enhancement proceedings. Defendant's parole was revoked because he had violated its conditions, requiring him to comport himself while on probation as a law-abiding citizen and abide by his probation officer's assessment of his risk as an offender. Based on the violation of Defendant's parole, the State sought to impose the remaining four habitual enhancements to his sentence as per his plea agreement.

**{5}** Defendant subsequently moved to modify his sentence based on his argument that the terms of his probation and parole were illegal. Defendant further sought to withdraw his plea, contending that, at the time of the plea, he was not made aware that he would be subject to sex offender registration or conditions of sex offender probation and parole. He argued that, because he was not informed of the collateral consequences of his plea, he suffered ineffective assistance of counsel. Defendant also argued against imposition of habitual offender enhancement on the four counts, alleging that his sentence had largely been served, and the State had no further time in which to proceed. The district court imposed four, one-year enhancements on the remaining counts and denied Defendant's motions. The State withdrew the probation violation. Defendant appealed.

## II. DISCUSSION

**{6}** Because we reverse Defendant's conviction, we do not address the propriety of conditions imposed on his probation and parole following his release from custody. Defendant argues that he should be able to withdraw his plea, as it could not have been made knowingly and voluntarily without his knowledge that he was pleading to a sex offense that required SORNA registration. He maintains that it was ineffective assistance of counsel to fail to inform him of that consequence and that he would have rejected the plea if he had known of it. The State argues that it was not ineffective assistance because *Edwards* does not apply retroactively to Defendant's plea and, even if it did, he failed to show that he was prejudiced by his attorney's failure. The district court agreed. To the extent that the State argues that the district court did not have jurisdiction to hear the motion to withdraw the plea, we agree with Defendant that any possible delays with his motion were waived by the district court when it accepted and permitted the issue to be fully litigated.

**{7}** We review a district court's denial of a motion to set aside a plea for abuse of discretion. *Edwards*, 2007-NMCA-043, ¶ 16. "The district court abuses its discretion in [this context] . . . when the undisputed facts establish that the plea was not knowingly and voluntarily given." *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (internal quotation marks and citation omitted). However, we are not precluded from "correcting errors premised on the [district] court's misapprehension of the law[.]" *State v. Barnett*, 1998-NMCA-105, ¶ 13, 125 N.M. 739, 965 P.2d 323. "Furthermore, whether a defendant must be advised of certain consequences of a plea as a matter of due process of law is a question of law that we review de novo." *Edwards*, 2007-NMCA-043, ¶ 16.

**{8}** The parties filed a joint statement regarding mootness of this case now that Defendant has been released from custody. They disagree whether the issue of his motion

3

to withdraw based on ineffective assistance of counsel for failure to advise him of SORNA registration is moot. We agree with Defendant that, because he is still subject to registration, the issue is not moot. Because we do not address the merits of Defendant's other arguments, we need not consider whether they are moot.

**{9}**   Our standard for a plea is well established:

> In New Mexico, a plea agreement must be interpreted, understood, and approved by the trial court. A court is not to accept a guilty plea absent an affirmative showing on the record that the plea was voluntary and intelligent. The defendant must understand his guilty plea and its consequences. The burden is on [the d]efendant to demonstrate that the failure to comply with the prescribed plea procedure prejudiced his ability to knowingly and voluntarily enter his plea.

*State v. Moore*, 2004-NMCA-035, ¶ 14, 135 N.M. 210, 86 P.3d 635 (alterations, internal quotation marks, and citations omitted).

**{10}**   In *Edwards*, we held:

> [W]e follow *Paredez* and conclude that defense counsel has an affirmative duty to advise a defendant charged with a sex offense that a plea of guilty or no contest will almost certainly subject the defendant to the registration requirements of SORNA. . . . Failure to so advise the defendant amounts to deficient performance under the *Strickland* test.

*Edwards*, 2007-NMCA-043, ¶ 31. Under *Edwards*, Defendant unquestionably suffered ineffective assistance of counsel. However, Defendant's plea occurred in 2004, prior to our opinion in *Edwards*. The question in this case is whether *Edwards* applies retroactively to govern the behavior of Defendant's counsel. "Retroactivity is a legal question, which we review de novo." *Kersey v. Hatch*, 2010-NMSC-020, ¶ 14, 148 N.M. 381, 237 P.3d 683 (internal quotation marks and citation omitted).

**{11}**   We analyze retroactive application of case law under the standards articulated in *Teague v. Lane*, 489 U.S. 288, 310 (1989). "If it is an old rule, it applies both on direct and collateral review. If it is a new rule, it generally applies only to cases that are still on direct review." *State v. Ramirez*, 2012-NMCA-057, ¶ 6, 278 P.3d 569 (internal quotation marks omitted) (citing *State v. Frawley*, 2007-NMSC-057, ¶ 34, 143 N.M. 7, 172 P.3d 144, *aff'd*, 2014-NMSC-___, ___ P.3d ___ (No. 33,604, June 19, 2014. A new rule "breaks new ground or imposes a new obligation on the states." *Ramirez*, 2012-NMCA-057, ¶ 9 (alterations, internal quotation marks, and citation omitted). "[T]he result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* ¶ 7 (internal quotation marks and citation omitted).

4

**{12}** In *Ramirez*, we held that our decision in *Paredez* retroactively applied the concept that it was ineffective assistance for counsel to fail to provide advice regarding immigration consequences to a plea. *Ramirez*, 2012-NMCA-057, ¶ 10. In deciding *Ramirez,* we applied the *Teague* analysis and stated that "it had been clear before [the p]etitioner's conviction that those norms obligated attorneys to advise their clients about deportation consequences." *Ramirez*, 2012-NMCA-057, ¶ 10. Our Supreme Court recently affirmed our opinion, rejecting contrary federal law and holding that *Paredez* did not state a new rule and thus applied retroactively. *Ramirez*, 2012-NMCA-057, ¶ 17. Our Supreme Court based its affirmation on prevailing professional norms and the long standing presence of a question about immigration status in our state plea colloquy. *Id.* New Mexico is not bound to follow contrary federal law on retroactivity. *See Danforth v. Minnesota*, 552 U.S. 264, 280-81 (2008). The district court in this case rejected retroactive application of *Edwards*, stating that it announced a new rule of law. Following *Ramirez*, we reverse and determine that it is not a new rule.

**{13}** Like immigration, SORNA registration is a collateral consequence of a plea that has harsh adverse consequences. *Moore*, 2004-NMCA-035, ¶ 24; *State v. Druktenis*, 2004-NMCA-032, ¶ 33, 135 N.M. 223, 86 P.3d 1050.

**{14}** In much the same way that our Supreme Court relied on the existence of a requirement to discuss immigration in our state plea colloquy, we determine that counsel was required to discuss possible SORNA registration with Defendant based partly on the fact that a line on Defendant's judgment and sentence paperwork called into question possible SORNA registration. Under the probation conditions section of his sentencing document, various requirements are listed and corresponding boxes checked or unchecked in accordance with the conditions of Defendant's sentence. One possible condition is that "Defendant [s]hall [r]egister as a [s]ex [o]ffender pursuant to [S]ection . . . 29-11A-1 . . . as amended." The box next to this item is unchecked. The district court and Defendant's counsel signed the sentencing document.

**{15}** Not only does the fact that the SORNA registration box was not checked as a part of Defendant's sentence bolster his argument that he was unaware of the potential for registration, it is clear that, at the time of his plea, SORNA registration should have been considered by the distict court and counsel in conjunction with other sentencing requirements. The affirmative obligation of defense counsel to be aware of collateral consequenes of a plea is well established by *Ramirez*. At the time of Defendant's plea, *Moore* had been filed, and it also included strong language stating that "there is little question that adequate pre-plea knowledge of the SORNA registration and notification consequences of a plea ought to be a part of criminal procedure." 2004-NMCA-035, ¶ 26. At the hearing regarding Defendant's motion to withdraw his plea, his attorney testified that it was standard practice to advise a client that he was pleading guilty to a sex offense and that he had failed to realize that Defendant's offense was considered a sex offense. From these factors, we conclude that counsel was aware of the need to discuss SORNA registration and failed in his obligation to do so. The rule in *Edwards* is not new and thus applies

5

retroactively.

**{16}**    The State also argues that, even if Defendant suffered ineffective assistance of counsel, he failed to show that it caused him to suffer prejudice.  In short, he must show that there was a reasonable probability that he would have rejected the plea and proceeded to trial if he had been informed of the SORNA consequences.  *Edwards*, 2007-NMCA-043, ¶ 34. Generally, a defendant must establish this through evidence beyond self-serving statements, including pre-conviction evidence, indicating a preference to either plead or go to trial and the strength of the evidence against him or her.  *Id.* ¶ 35.  However, these rules are not mechanical, and we may consider other factors, so long as "the focus is on whether there has been such a breakdown in the adversarial process as to undermine the fundamental fairness of the proceeding whose result is being challenged."  *Id.* ¶ 36 (quoting *Barnett*, 1998-NMCA-105, ¶ 32).

**{17}**    In the immigration arena, we have stated that we analyze prejudice differently than non-immigration-based ineffective assistance claims.  *State v. Favela*, 2013-NMCA-102 , ¶ 21, 311 P.3d 1213, *cert. granted*, 2013-NMCERT-010, 313 P.3d 251.  "Deportation can often be the harshest consequence of a non-citizen criminal defendant's guilty plea, so that in many misdemeanor and low-level felony cases he or she is usually much more concerned about immigration consequences than about the term of imprisonment."  *Paredez*, 2004-NMSC-036, ¶ 18 (alterations, internal quotation marks, and citation omitted).  As noted above, we consider SORNA registration, like immigration consequences, a harsh result of Defendant's plea.

**{18}**    The district court concluded that Defendant failed to meet his burden of showing that he would have gone to trial rather than pleading guilty.  At the hearing below on his motion to withdraw his plea, Defendant testified that, if he had known he was pleading guilty to a sex offense, "[he] wouldn't have pled guilty to it. [He] would have fought it."  He suggested that he would have pled to a different charge, one that was not a sex offense.  Defendant's counsel testified:  "I don't believe that I or the prosecutor or [Defendant] had a realization, at the time he was entering the plea, that it was, in fact, covered by the sex offender registration statute."  We conclude from these factors that SORNA registration adequately prejudiced Defendant to the extent that it constituted a breakdown in the fundamental fairness of the proceedings.

## III.    CONCLUSION

**{19}**    We hold that the rule stated in *Edwards*, regarding the requirement that counsel inform defendants of almost certain SORNA registration, was not a new rule of procedure and applies retroactively.  The district court erred in denying Defendant's motion to withdraw his plea.  We reverse the district court and permit Defendant to withdraw his plea agreement.  Because the withdrawal of his plea will negate his convictions, Defendant will again face the need to resolve the charges against him whether through plea agreement, trial, or other resolution.  We hereby remand the matter to the district court.

**{20}** **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**